Ludeling, C. J.
This suit grows out of the suit of Switzer v. Steamboat Prolie and owners, recently decided by this court. In that suit E. A. Switzer obtained a judgment against E. E. Norton, assignee in bankruptcy of the defendants, with a recognition of a privilege on the *469 steamboat, which had been released on bond, with F. C. Zeller as security. The defendants in this suit are his legal representatives, and this suit is to enforce the obligation of said bond.
The defense is that the judgment against Norton, assignee, is absolutely null and void, because not rendered against Heinn and wife, the owners of the Frolic, and the assignee had not the right to stand in judgment for them, and the State-court had no jurisdiction to render a. judgment against the assignee, etc.
The bankrupts having been discharged, no judgment against them could be obtained, and there is nothing in the bankrupt law which required the discontinuance of suits already commenced. See Kemp’s ' Bankruptcy, p. 186. See also case of E. A. Switzer v. John Heinn and Mary Heinn, recently decided, aud authorities therein cited.
It is therefore ordered and adjudged that the judgment of the lower court be set aside; that the exception be overruled; that the case be remanded to be proceeded with according to law; and that the appellee pay costs of appeal.
Rehearing refused.